JAMES HAWKINS APLC
JAMES R. HAWKINS, SBN 192925
GREGORY MAURO, SBN 222239
MICHAEL CALVO, SBN 314986
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone: (949) 387-7200
Facsimile:  (949) 387-6676
James@jameshawkinsaplc.com
Greg@jameshawkinsaplc.com
Michael@Jameshawkinsaplc.com

Attorneys for ALLSION BURCH individually and on behalf of all others similarly situated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLISON BURCH, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE GEO GROUP, INC., dba GEO CALIFORNIA, INC.; GEO CORRECTIONS HOLDINGS, INC.; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. 2:18-cv-09926-PSG-PLA <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RELIEF FROM LOCAL RULE 23-3** <br><br> Hearing Date: March 11, 2019 <br> Time:  1:30 p.m. <br> Courtroom: 6A <br><br> [*FILED CONCURRENTLY WITH DECLARATIONS OF GREGORY MAURO AND MICHAEL CALVO; PROPOSED ORDER*] <br><br> Complaint Filed:   Aug. 31, 2018 <br> Case Removed:    Nov. 27, 2018 <br><br> Presiding Judge:   Philip S. Gutierrez |

**TO ALL PARTIES, AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on March 11, 2019 at 1:30 p.m. in Courtroom 6A of the above entitled Court, or as soon thereafter as counsel may be heard, Plaintiff Allison Burch ("Plaintiff"), will and hereby does move the Court for relief from the ninety-day deadline imposed by U.S. District Court, Central District of California Local Rule ("LR") 23-3.

This motion is brought pursuant to LR 7-4 and is based upon this notice of motion, the attached memorandum of points and authorities, the declaration of counsel Gregory Mauro and Michael Calvo, and the proposed order lodged concurrently herewith. (Declaration of Gregory Mauro In Support of Motion for Relief From Local Rule 23-3 ("Mauro Decl.,") ¶ 2).

Good Cause exists for the relief sought herein because this case is still in the early stages of litigation and there is insufficient time to complete pre-certification discovery and file a Motion for Class Certification by the deadline imposed by LR 23-3 of February 25, 2019. Pursuant to Local Rule 7-3, on January 11, 2019 Plaintiff's counsel met and conferred telephonically and via email regarding the substance of this Motion with Defendants THE GEO GROUP, INC., dba GEO CALIFORNIA, INC.'s and GEO CORRECTIONS HOLDINGS, INC.'s (collectively, "Defendants") counsel, Penny Cheng and Elizabeth Staggs. The Parties were unable to reach a resolution regarding a stipulation of this matter. Therefore, Plaintiff must now seek the Court's intervention. Plaintiff currently anticipates Defendants will seek to oppose this current Motion.

Dated: January 16, 2019

                              JAMES HAWKINS APLC

                              By:/s/ Gregory Mauro
                                  JAMES R. HAWKINS, ESQ.
                                  GREGORY MAURO, ESQ.
                                  MICHAEL CALVO, ESQ.

                              Attorneys for Plaintiff ALLISON BURCH, individually and on behalf of all others similarly situated.

# MEMORANDUM OF POINTS AND AUTHORITIES
## I.   INTRODUCTION

This case is still in the early stages of litigation. Plaintiff's original state court class action complaint was filed on August 31, 2018 in the Los Angeles County Superior Court (Dkt. No. 1-1) against Defendants for their alleged (1) failure to pay minimum wages including overtime, (2) failure to timely pay wages, (3) failure to provide accurate itemized wage statements, and (4) for unfair competition. (Mauro Decl. ¶ 3). Upon filing the initial complaint, the State Court implemented an automatic stay on all discovery. (*Id.*). On November 27, 2018, Defendants removed this Action, and Plaintiff's current deadline to submit her Motion for Class Certification pursuant to Local Rule 23-3 is February 25, 2019 and has not yet expired. (*Id.* ¶ 4).

Since December 20, 2018, Plaintiff's counsel has been trying to reach out to Defendants' counsel on several occasions via email to discuss a proposed stipulation to waive LR 23-3. (Declaration of Michael Calvo In Support of Motion for Relief From Local Rule 23-3 ("Calvo Decl.,") ¶ 2). Defendants' counsel did not reply to Plaintiff's counsel's communication efforts until January 10, 2019. (*Id.* ¶ 3). The Parties subsequently scheduled and held a telephonic conference on January 11, 2019 to discuss the proposed stipulation and this motion if an agreement could not be reached. (*Id.* ¶ 4). Further, Plaintiff's counsel requested for Defendants' counsel to inform them of Defendants' position regarding Plaintiff's proposal by the close of business on Monday, January 14, 2019, given the time sensitive nature of the matter. (*Id.* ¶ 5). To date, Defendants' counsel has remained silent even after sending follow up correspondences. (*Id.* ¶ 6).

Therefore, Plaintiff respectfully requests that the Court relieve her of the ninety-day deadline imposed by LR 23-3 in this wage and hour putative class action, which was removed from state court. Unlike other motions that could be brought prior to conducting discovery, a motion for certification requires obtaining

evidence outside the pleadings. This case is no exception, as it alleges violations of California's wage and hour laws, which are certified only after substantial discovery, the most time-consuming of which includes class member interviews and a statistically-relevant sampling of documents (*e.g*., time sheets and wage statements).( Mauro Decl., ¶ 6). Due to the filing deadline imposed by LR 23-3, Plaintiff is unable to complete meaningful discovery in support of her motion for class certification. (*Id.* ¶ 7).

The LR 23-3 deadline is an archaic rule and is inconsistent with Rule 23. Plaintiff contends that continued enforcement of LR 23-3 violates fundamental principles of fairness and due process by precluding any assurance that plaintiffs in putative class actions can reasonably obtain pre-certification discovery to use in preparation for a class certification motion that must be filed within ninety days of the pleading purporting to commence the action. Recently, the Ninth Circuit agreed and reversed a district court's decision to not extend the 90-day deadline, holding that "**the bright-line of Local Rule 23-3 is incompatible with Federal Rule of Civil Procedure 23**." *ABS Entertainment, Inc. v. CBS Corp*. 900 F. 3d 1113, 1140 (9th Cir. Aug. 20, 2018) (emphasis added). As more fully set forth below, good cause exists – and it is in the best interest of Plaintiff and putative class members – for the Court to grant Plaintiff's instant Motion.

## II.   LEGAL ARGUMENTS

### A. The Court Is Empowered to Vacate Deadlines Set by LR 23-3

LR 23-3 requires a proponent of a class to file a motion for class certification within ninety days following the service of the complaint. *See Joseph N. Main P.C. v. Elec. Data Sys. Corp*., 168 F.R.D. 573, 577 (N.D. Tex. 1996); Schwarzer, et al., *Cal. Practice Guide: Fed. Civ. Procedure Before Trial* ¶ 10:565 (TRG 2010). This Court is empowered to vacate or continue the deadline imposed by LR 23-3. *See* Fed. R. Civ. P. 6(b) ("The district courts may extend many of the

time periods set by the Rules."). Extensions of time are governed by a "good cause" standard pursuant to Rule 6(b).

**B. Good Cause Exists to Vacate the Ninety Days Provided by LR 23-3**

Here, good cause exists to vacate the ninety-day deadline in which Plaintiff must move for class certification. The nature of the case presents complex and novel issues as it revolves around a putative wage and hour class action. Therefore, the amount of necessary discovery needed to establish the class certification requirements of Rule 23 and the lack of any prejudice to Defendant so justifies and warrants the Court to provide such relief.

The need for pre-certification discovery is a core principle common to California's federal and state courts. "[B]oth parties should 'have an opportunity to conduct discovery on class action issues before [their] documents in support of or in opposition to the motion must be filed.'" *Vinole v. Countrywide Home Loans, Inc.*, 246 F.R.D. 637, 639 (S.D. Cal. 2007) (*citing Carabini v. Super. Ct.*, 26 Cal. App. 4th 239, 244, (1994)) (writ of mandate appropriately issued where no opportunity, or inadequate opportunity to take precertification discovery); *Lee v. Dynamex, Inc.*, 166 Cal. App. 4th 1325, 1336-38 (2008) (finding lower court abused its discretion by denying pre-certification discovery of the class members' identities, thereby preventing plaintiff from having the means to develop evidence capable of supporting his motion for class certification).

The Ninth Circuit has also emphasized the importance of discovery in determining whether a matter should proceed as a class action. *See Kamm, et al. v. Cal. City Dev. Co. et al.*, 509 F.2d 205, 210 (9th Cir. 1975) ("The propriety of a class action cannot be determined in some cases without discovery, as for example, where discovery is necessary to determine the existence of a class or set of subclasses."); *see also Yaffe v. Powers*, 454 F.2d 1362, 1366 (1st Cir. 1972) ("To pronounce finally, prior to allowing any discovery, the non-existence of a class or

set of subclasses, when their existence may depend on information wholly within defendant's ken, seems precipitate and contrary to the pragmatic spirit of Rule 23."). The need for discovery is even more critical in cases such as this, where it is the employer who is in sole possession of the identities of percipient witnesses/class members knowledgeable of Defendant's policies, procedures, and practices, as well as corporate documents and records outlining not only Defendant's policies and procedures, but also its systematic and class-wide impact on its employees.

Across all circuits, the general rule is that additional time to take discovery necessary to support a class certification motion is permissible where no prior requests for more time have been made and where no prejudice to the non-moving party is shown. *See*, e.g., *Probe v. State Teachers Ret. Sys.*, 780 F.2d 776 (9th Cir. 1986) (where no prejudice to non-movant shown, timing of class certification motion not appropriate basis for denial of certification); *Gray v. Greyhound Lines, East*, 545 F.2d 169, 172 n.11 (D.C. Cir. 1976) (district court directed to reconsider on remand denial of class certification based solely on delay in bringing certification motion); *Stolz v. United Bros. of Carpenters & Joiners of Am., Local Union No. 971*, 620 F. Supp. 396 (D. Nev. 1985) (delay alone in filing class certification motion not proper basis for denial of class certification); *Griffin v. Nat'l Pub. Radio*, Nos. 76-0229 and 76-0744, 1977 U.S. Dist. LEXIS 16560 (D.D.C. Apr. 1, 1977) (violation of local rule prescribing time within which class certification motion must be filed not a permissible ground for dismissal of class allegations absent a showing of prejudice to defendant).

Here, Plaintiff's action seeks to certify several causes of action on behalf of herself and all similarly situated non-exempt California employees. In order to support her application and allow this Court to make determinations as to the Rule 23 certification requirements, Plaintiff is diligently preparing for discovery and

intends on propounding various discovery devices, to seek, without limitation, contact information related to the identities of putative class members, employees' time records, employees' wage records, and any and all policies and procedures governing putative class members' employment. (Mauro Decl. ¶ 9). Plaintiff further intends on serving Rule 30(b)(6) deposition notices seeking the testimony of Defendant's corporate designee(s) related to Defendant's policies, procedures, and practices. Although the number of designated corporate representatives varies case by case, the number of representatives is generally approximately two or more witnesses, typically representatives from the human resources and payroll departments. (*Id*. at ¶ 10). Further, it can take significant time to schedule these depositions due to scheduling issues amongst the parties and deponents. (*Id*.). All discovery described above will be needed by Plaintiff in order to adequately support his Motion for Class Certification. Because of the restrictive time frame imposed by LR 23-3, Plaintiff will be unable to conduct the necessary pre-certification discovery discussed above in order to put forth a motion for class certification. Therefore, this Court should grant the requested relief from the harsh restrictions of LR 23-3.

### 1. Plaintiff Requires Discovery Seeking Putative Class Members' Contact Information in Anticipation of Refuting Defenses to Rule 23 Class Certification Requirements

Plaintiff seeks the identities of putative class members who may serve as potential percipient witnesses to the systematic and widespread nature of Defendants' employment policies and practices. The California Supreme Court and California Court of Appeal have both held that putative class members are potential percipient witnesses, and holding that their identities and contact information are properly discoverable. *See Pioneer Elec. (USA), Inc. v. Super. Ct.*, 40 Cal. 4th 360, 373-75 (2007) (ordering production of putative class members' names and contact information); *Belaire-West Landscape, Inc. v. Super. Ct.,* 149

Cal. App. 4th 554, 562 (2007) (same*); Puerto v. Super. Ct.*, 158 Cal. App. 4th 1242, 1249 (2008) ("Central to the discovery process is the identification of potential witnesses"); *People v. Dixon,* 148 Cal. App. 4th 414, 443 (2007) ("The disclosure of the names and addresses of potential witnesses is a routine and essential part of pretrial discovery."); *Bible v. Rio Properties, Inc.*, 246 F.R.D. 614, 620 (C.D. Cal. 2007) (citing *Pioneer* and ordering pre-certification production of witness names and contact information over privacy objections).

Often in wage and hour cases such as this, it is only the experiences and knowledge of putative class members who can testify as to the system-wide impact of Defendants' policies and practices. Without the ability to interview putative class members, and perhaps obtain declarations from those willing to submit testimony, Plaintiff's ability to support their Class Certification Motion is severely compromised. Therefore, the Court should grant Plaintiff's request for relief.

### 2. Plaintiff Requires the Production of Documents Pertaining to Defendant's Policies, Practices, and Procedures

Plaintiff also seeks documents relating to Defendant's policies, practices, and procedures regarding the causes of action alleged in Plaintiff's complaint. Such documents and information will be needed prior to filing Plaintiff's Motion for Class Certification. *See Atari, Inc. v. Super. Ct*., 166 Cal. App. 3d 867,870, (1985) (internal citations omitted) (holding that "[a] determination 'whether the common questions are sufficiently pervasive to permit adjudication in a class action rather than in a multiplicity of suits' cannot realistically be made until the parties have had a chance to conduct reasonable investigation."); *see also Carabini*, 26 Cal. App. 4th 239; *Stern v. Super. Ct*., 105 Cal. App. 4th 223, 232-33 (2003) ("Each party, moreover, must have an opportunity to conduct discovery on class action issues before filing documents to support or oppose a class action certification motion … so the trial court can realistically determine if common

questions are sufficiently pervasive to permit adjudication in a class action."); *Emps. Committed for Justice v. Eastman Kodak Co.*, 407 F. Supp. 2d 423, 431 (W.D.N.Y. 2005) ("[T]here [are] a significant number of cases in which district courts, based on facts developed during discovery, have certified pattern or practice claims...").

Notwithstanding Plaintiff's need for the documents and information sought, Plaintiff cannot obtain and/or analyze the discovery sought by the deadline imposed by LR 23-3. (*See* Mauro Decl., generally).

### 3. Plaintiff Requires Time to Take Defendant's Deposition and Interview Putative Class Members Prior to Filing Her Class Certification Motion

Even assuming arguendo that Plaintiff immediately obtains the identities of the putative class members, it will take some time to contact and interview the putative class members to gather evidence necessary to support a motion for class certification. (*See* Mauro Decl. ¶ 6). Further, Plaintiff, after securing and reviewing Defendant's potentially voluminous written discovery responses and document production, will then be required to depose Defendant and its corporate witnesses concerning its policies, procedures, and practices. It is common in wage and hour class actions for a defendant to designate one or more designees on the subject matters sought in a class action, which also extends the time needed. (*Id.* ¶¶ 6-13) Further, it can take significant time to schedule these depositions due to scheduling issues amongst the parties and deponents. (*Id*).

As a result, good cause exists to waive the requirements of LR 23-3. Vacating the deadline will allow all parties to adequately address discovery and any potential disputes, allowing this litigation to move forward in an efficient manner.

### C. LR 23-3 Is Inconsistent with Rule 23, As Amended, and Is Therefore Obsolete

- 7 -

NOTICE OF MOTION AND MOTION FOR RELIEF FROM LOCAL RULE 23-3

On August 20, 2018, the Ninth Circuit held that "the bright-line of Local Rule 23-3 is incompatible with Federal Rule of Civil Procedure 23." *ABS Entertainment, Inc.* 900 F. 3d at 1140. There, parties twice stipulated to extend the LR 23-3 deadline, explaining in the second stipulation that ABS needed more time for class action-focused discovery. *See Id*. at 1120. "The district court denied the first stipulation for failure to show good cause, and denied the second without explanation. The district court did not address the asserted need for pre-certification discovery." *Id*. The district court then denied a timely motion for class certification based on technical violations relating to the judge's standing order and a defect in the notice regarding when the LR 7-3 conference took place. *See Id*.

The Ninth Circuit then reversed the district court and remanded the case for consideration of whether pre-certification discovery is warranted. In reaching that decision, the Ninth Circuit noted that LR 23-3

> "is in direct contrast to the flexibility of the Federal Rule, which calls for a determination on class certification '[a]t an early practicable time after a person sues or is sued as a class representative.' Fed. R. Civ. P. 23(c)(1)(A). That flexible approach makes sense. The class action determination can only be decided after the district court undertakes a 'rigorous analysis' of the prerequisites for certification. [citations] To undertake that analysis may require discovery [citation]."

*Id*. at 1140. The Ninth Circuit went on to say that

> "[t]he district court's actions here demonstrate the impracticability of the 90-day limit, particularly in combination with the district court's summary and unexplained denial of the parties' joint stipulation to extend the 90-day deadline based on the need for pre-certification discovery."

- 8 -

NOTICE OF MOTION AND MOTION FOR RELIEF FROM LOCAL RULE 23-3

*Id.* The Ninth Circuit even cited to a treatise which expressly described LR 23-3 as **obsolete**. *See Id., citing* Barbara J. Rothstein & Thomas E. Willging, Federal Judicial Center, *Managing Class Action Litigation: A Pocket Guide for Judges* 9 (3d ed. 2010).

The *ABS Entertainment* case is only the most recent Ninth Circuit decision on this issue. The Ninth Circuit has previously ruled in a similar manner, i.e, that the 90-day timeframe in LR 23-3 is unrealistic, obsolete, and inconsistent with the federal rules and the class-certification standard which requires a rigorous analysis of significant evidence. *See Balser v. Hain Celestial Grp., Inc.,* 640 Fed. Appx. 694, 696 (9th Cir. 2016); *Comcast Corp. v. Behrend,* 569 U.S. 27, 33 (2012).

Notably, other courts in this district have routinely vacated the deadline imposed by LR 23-3. *See Misra v. Decision One Mortgage Company*, LLC, 2008 WL 7242774, *4 (C.D. Cal. 2008); *Clark v. Time Warner Cable et al.*, 2007 WL 1334965, *1 (C.D. Cal. 2007).

Here, Plaintiff has discussed the need for substantial pre-certification discovery, and the need for substantially more time to conduct such discovery. The parties also previously submitted a stipulation requesting relief from LR 23-3, which this Court summarily rejected for a purported lack of good cause, just like in *ABS Entertainment*. This Court should therefore grant this motion. To do otherwise would run afoul of the Ninth Circuit's recent decision in *ABS Entertainment*, and its previous rulings.

**D. Defendant Will Not Suffer Any Undue Prejudice if the Court Grants Plaintiff's Request for Relief from LR 23-3 Requirements, but the Class Members Will Suffer Prejudice if the Class Allegations Are Stricken**

Defendants will suffer no prejudice if the Court grants Plaintiff's motion for relief from LR 23-3. Defendants would only lose the unfair tactical advantage of requiring Plaintiff to file his Motion for Certification while withholding the necessary discovery to support it. On the other hand, should Plaintiff's motion not

be granted, the prospective class members will lose the benefits inured to them by the anonymity of class litigation by a willing class representative, especially if the Court imposes the draconian sanctions of striking the class allegations when a motion for certification is not filed pursuant to LR 23-3.

### III. CONCLUSION

For all the foregoing reasons, Plaintiff respectfully request the Court issue an Order relieving Plaintiff from the ninety-day deadline pursuant to LR 23-3.

Dated: January 16, 2019

JAMES HAWKINS APLC

By:/s/ Gregory Mauro
    JAMES R. HAWKINS, ESQ.
    GREGORY MAURO, ESQ.
    MICHAEL CALVO, ESQ.

Attorneys for Plaintiff ALLISON BURCH, individually and on behalf of all others similarly situated.

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2019 I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court, for the Central District of California using the CM/ECF system. All participants are registered CM/ECF users, and will be served by the CM/ECF system.

Dated:   January 16, 2019        /s/ Gregory Mauro
                                       Gregory Mauro