JAMES HAWKINS APLC
JAMES R. HAWKINS, SBN 192925
GREGORY MAURO, SBN 222239
MICHAEL CALVO, SBN 314986
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone: (949) 387-7200
Facsimile:  (949) 387-6676
James@jameshawkinsaplc.com
Greg@jameshawkinsaplc.com
Michael@Jameshawkinsaplc.com

Attorneys for ALLSION BURCH individually and on behalf of all others similarly situated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLISON BURCH, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE GEO GROUP, INC., dba GEO CALIFORNIA, INC.; GEO CORRECTIONS HOLDINGS, INC.; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. 2:18-cv-09926-PSG-PLA <br><br> **DECLARATION OF GREGORY MAURO IN SUPPORT OF MOTION FOR RELIEF FROM LOCAL RULE 23-3** <br><br> Hearing Date: March 11, 2019 <br> Time:  1:30 p.m. <br> Courtroom: 6A <br><br> Complaint Filed:    Aug. 31, 2018 <br> Case Removed:      Nov. 27, 2018 <br><br> Presiding Judge:   Philip S. Gutierrez |

**DECLARATION OF GREGORY MAURO, ESQ.**

I, Gregory Mauro, declare as follows:

1. I am an individual over the age of 18. I am an attorney duly licensed to practice law before all courts of the State of California and all United States District Courts in the State of California. I am counsel of record for plaintiff Allison Burch ("Plaintiff") in the above-captioned matter. I submit this declaration in support of Plaintiff's Motion For Relief From Local Rule 23-3. I have firsthand knowledge of the facts set forth in this declaration and, if called to do so, could testify competently to them

2. This motion is brought pursuant to Local Rule ("LR") 7-4 and is based upon the notice of application, the memorandum of points and authorities, the declaration of counsel, and the proposed order lodged concurrently herewith.

3. This case is still in the early stages of litigation. Plaintiff's original state court class action complaint was filed on August 31, 2018 in the Los Angeles County Superior Court (Dkt. No. 1-1) against Defendants for their alleged (1) failure to pay minimum wages including overtime, (2) failure to timely pay wages, (3) failure to provide accurate itemized wage statements, and (4) for unfair competition. Upon filing the initial complaint, the State Court implemented an automatic stay on all discovery.

4. On November 27, 2018, Defendants removed this Action, and Plaintiff's current deadline to submit her Motion for Class Certification ("MCC") pursuant to Local Rule 23-3 is **February 25, 2019** and has not yet expired.

5. As it currently stands, there will not be sufficient time to complete pre-certification discovery and file a MCC by the filing deadline imposed by LR 23-3 of February 25, 2019. Therefore, good cause exists for the relief sought herein.

6. Unlike other motions that could be brought prior to conducting discovery, a MCC requires obtaining evidence outside the pleadings. This case is no exception, as it alleges violations of California's wage and hour laws, which are certified only after substantial discovery, the most time-consuming of which

includes class member interviews and a statistically-relevant sampling of documents (*e.g.*, time sheets and wage statements).

7. Due to the filing deadline imposed by LR 23-3, Plaintiff is unable to complete meaningful discovery in support of his MCC.

8. In a typical wage and hour class action, it takes approximately one year from the date that discovery commences to file a well-briefed motion for certification. Although the specific evidence submitted in support of certification is different in each case, controlling case law will require submitting the following four general types of evidence, which I refer to as "pre-certification" discovery: (1) written policies and procedures concerning, for instance, compensation policies, etc.; (2) sampling of time sheets and wage statements, which is then analyzed by expert witnesses who prepare expert witness reports to establish predominance of common questions; (3) deposition testimony of the employer's designee(s); and (4) declarations from class members.

9. Here, Plaintiff's action seeks to certify several causes of action on behalf of himself and all similarly situated non-exempt California employees. In order to support his application and allow this Court to make determinations as to FRCP Rule 23 certification requirements, the Plaintiff is diligently preparing for discovery and intends on propounding various discovery devices, to seek, without limitation, contact information related to the identities of putative class members, employees' time records, employees' wage records, and any and all policies and procedures governing putative class members' employment.

10. After production of policy documents by Defendant, Plaintiff will take 30(b)(6) depositions. Although the number of designated corporate representatives varies case by case, the number of representatives is generally approximately two or more witnesses, typically representatives from the human resources and payroll departments. Further, it can take significant time to schedule these depositions due to scheduling issues amongst the parties and deponents.

- 2 -

**DECLARATION OF GREGORY MAURO, ESQ.**

1  11. Regarding the production of the class member identities, this process usually tends to be a time-consuming event. Most, but not all, defendants tend to serve objections to the production of the class member identities based upon privacy, and most will not produce it without a court order after a motion to compel, despite the law clearly favoring production, thus causing delay in preparation for class certification.

12. After obtaining the class contact information, I estimate it will take at least ninety days to contact a sufficient number of class members and obtain declarations in support of the MCC.

13. Once all pre-certification discovery has been completed, I estimate it will take approximately sixty days to prepare a well-drafted MCC and obtain any additional evidence that is necessary before the motion is filed. Thus, in total, a reasonable estimate for the filing of class certification is one year from the commencement of discovery.

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct, executed on this 16th day of January 2019 at Irvine, California.

      /s/ Gregory Mauro
      Gregory Mauro

- 3 -
**DECLARATION OF GREGORY MAURO, ESQ.**